Nichols, C. J.
Do these two questions, substantially alike as they are, come within the inhibition of the rule laid down by this court in the third proposition of the syllabus of the familiar case of Runyan v. Price, 15 Ohio St., 1, and if they do, was the admission of this testimony of a sufficient prejudicial nature to justify the court of review in setting aside the verdict of the jury and the judgment of the trial court?
We must answer both of these inquiries negatively.
In the case of Runyan v. Price, supra, the objectionable question was: “State what your opinion was, on the evening Bowen called upon you to witness the will, as to the sanity or insanity of William Runyan, or his capacity to make a will."
The objection to this question, as found by the court, was twofold:
*31 1. That the inquiry should have been not what his opinion was then, but what it was at the time of trial.
2. That in so far as his opinion was asked as to the capacity of the testator to make a will, it was an invasion of the functions of the jury, since it involved a question of law and fact, and to the extent that capacity was involved in the issue, was the very question to be determined by the jury; and furthermore, the question assumed that the witness knew the degree of capacity which the law required for the performance of the act of executing a will.
We do not think the questions asked in the case now before the court are .open to the objections of the court in Runyan v. Price, supra. To ask a witness if the testator had sufficient mind and memory to form an intention and purpose to dispose of his property by will, is not equivalent to nor is it open to the same objections as is the question: “Had the testator sufficient capacity to make a will?”
The capacity to make a will is much more comprehensive than a mere capacity to form an intention and purpose to make a will. The latter is merely one of the elements necessarily present in such testamentary capacity: One might have the one and yet utterly lack the other essential features, i. e.: First, that of an understanding of the nature and extent of his property; second, to know and appreciate his family connections and their natural claims, if any, upon his bounty.
Furthermore, he might have had the “capacity,” or as the question reads, the “mind and memory,” to form an intention arid purpose to make a will *32 and do nothing toward carrying his intention and purpose into effect. It is equivalent only to desiring and determining to make a will. One might be wholly incapacitated to make a will and yet possessed of quite sufficient mind to wish and to decide to do so. It therefore was not an invasion of the duty of the jury to ask this question in order to determine this particular phase of the testator’s mind.
The question, in so far as it relates to the time which the witness was to regard, whether it be his opinion at the time of signing the will, or at the time of testifying, is not open to the same objection raised to the question asked in Runyan v. Price, supra.
The question put to the witness Finney can fairly be said to have called for the present recollection or opinion of the witness as to the mental condition of the testator at the time of signing the instrument, although the answer he made related to the opinion he formed at that time rather than his recollection or opinion at the time of the reception of his testimony by the court of common pleas. No objection was made to the answer, nor was any motion made to exclude it because of unresponsiveness, or for any other reason.
While holding that the admission of neither of the two objectionable questions by the trial court constitute error, the court is of the opinion that if it be conceded that they are sufficiently objectional to constitute error, yet it would not be error of such substantial and prejudicial nature as to warrant the setting aside the verdict of a jury founded on otherwise legal and sufficient testimony.
*33 The salutary and enlightened provisions of Section 11364, General Code, should serve as a powerful deterrent to all reviewing courts from reversing causes for any other reason than that the alleged error was one affecting the substantial rights of the adverse party. Applying the mandatory principles of that section it appears most clear to this court that had the two objectional questions and answers been omitted the issue involved in the controversy would not have been settled otherwise than it was.

Judgment of circuit court reversed, and that of common pleas affirmed.

Shauck, Johnson, Donahue, Wanamaker and Newman, JJ., concur.